UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AIR CANADA, INC., <br><br> Defendant. | Case No. 25-cv-04058-LJC <br><br> **ORDER TO SHOW CAUSE WHY APPLICATIONS TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED** <br><br> Re: Dkt. Nos. 4, 5 |

### A.     Introduction

Plaintiffs Sergey Firsov and Kateryna Pomogaibo, both pro se, have applied to proceed in forma pauperis (IFP). The primary effects of such an application being granted would be to excuse Plaintiffs from paying the $405 filing fee for this civil action and that an agent of the Court (typically the U.S. Marshal) would complete service of process on their behalf, if the Court determines that Plaintiffs' Complaint is not subject to dismissal under 28 U.S.C § 1915(e)(2)(B). Plaintiffs' application indicates that Firsov, at least, could likely afford such expenses. Pomogaibo may be more likely to qualify, but her application also raises questions, and in any event, all plaintiffs in a case must qualify for IFP status. For the reasons discussed below, Plaintiffs are ORDERED TO SHOW CAUSE why their applications should not be denied. Firsov must file a response to this Order no later than August 29, 2025—or in the alternative, he may withdraw his application and pay the filing fee by the same deadline. If Plaintiffs do not pay the filing fee, Pomogaibo must file a response to this order no later than September 5, 2025.

The case management conference previously set for August 12, 2025 is CONTINUED to November 6, 2025 at 1:30 PM to occur by Zoom webinar. The parties shall file either a joint case management statement or separate case management statements no later than October 23, 2025.

### B. Firsov's Application

"[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status . . . ." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute," but "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (cleaned up). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.*

Firsov reports a gross income of $10,400 per month, or $124,800 per year. ECF No. 4 at 1. He reports that his current wife Iana Rodionova (Plaintiff Pomogaibo is one of Firsov's ex-wives) makes an additional $1,000 per month. ECF No. 4 at 2. A household making well over $100,000 per year could typically afford the $405 filing fee and costs of service, and thus would not typically qualify to proceed in forma pauperis.

Firsov reports significant monthly obligations that, at least as stated, exceed his and his wife's reported net income of $8,700 per month. Firsov reports that he pays $2,300 per month on rent, $500 on utilities, $500 on food, and $100 on clothing. ECF No. 4 at 3. None of those numbers are extravagant for a family of four in the Bay Area. He also reports paying $1,000 per month to support his wife Rodionova, $500 to support Pomogaibo, $2,000 to support another ex-wife, $1,000 to support each of his two minor children, $981 for the loan for his 2024 Subaru Crosstrek, and $4,000 per month to the "Department of child support." *Id.* at 2–3. The total of those monthly costs comes to $13,881, which is significantly greater than Firsov and his wife's reported income. Firsov also reports that he has no money in his bank account and no cash, that his debts exceed $150,000, and that an eviction case is pending against him. *Id.* at 3–4.

Courts are allowed to take into account plaintiffs' choices in how they spend money when considering applications to proceed in forma pauperis. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (affirming imposition of a partial filing fee that an imprisoned plaintiff could have paid with the funds that he typically spent at the prison commissary). Firsov's reported gross income suggests that he could likely afford the costs of the filing fee and service of process for this

case by adjusting his discretionary suspending, without foregoing "the necessities of life." *See Escobedo*, 787 F.3d at 1234. Many judges in this district have reached that conclusion in denying Firsov's IFP applications in other recent cases, including cases where Firsov provided more detailed financial records for review than he has here, with some judges noting Firsov's pattern of bringing cases based on his own frequent international travel. *E.g.*, *Firsov v. Alaska Airlines, Inc.* No. 25-cv-02841 NC, ECF No. 15 (N.D. Cal. Apr. 28, 2025 (denying reconsideration of denial of IFP); *L.F. ex rel. Firsov v. Church of Scientology of Silicon Valley*, No. 25-cv-03265-SVK, ECF No. 16 at 6–7, 2025 WL 1616721, at *4 (N.D. Cal. June 5, 2025) (identifying several other cases based on Firsov's air travel where his IFP applications were denied).

In an abundance of caution, however, the Court will allow Firsov an opportunity to argue that a different outcome is warranted here. Firsov is ORDERED TO SHOW CAUSE why his application to proceed in forma pauperis should not be denied, by filing a response to this Order no later than August 29, 2025. Any such response must identify Firsov's financial commitments that stem from legal obligations (e.g., child support orders) as opposed to discretionary spending, and must include documentary evidence of any such obligations. In the alternative, Firsov may withdraw his application and pay the filing fee by the same deadline.

Firsov may move to file sensitive financial information under seal pursuant to Civil Local Rule 79-5, but if he does so, he must provide " a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).

### C. Pomogaibo's Application

In cases with multiple plaintiffs, only a single filing fee is required. District courts therefore require *all* plaintiffs in a given case to qualify to proceed in forma pauperis before the filing fee will be waived. "[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Laine v. Superior Ct. of Alameda Cty. Hayward Hall of Just.*, No. 18-cv-04390-JCS, 2018 WL 9669915, at *2 (N.D. Cal. July 20, 2018) (citation omitted); *see also,*

3

*e.g.*, *Evans v. United States*, No. 8:21-01695 JVS (ADSx), 2022 WL 21837717, at *1 (C.D. Cal. June 28, 2022); *Belcher v. Baltzley*, No. 2:17-cv-01675-JCM-NJK, ECF No. 2 (E.D. Cal. June 23, 2017); *Darden v. Indymac Bancorp, Inc.*, No. CIV S-09-2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009).

Here, the Court recognizes that Plaintiffs are divorced, and that Pomogaibo likely cannot compel Firsov to pay the filing fee for their joint complaint if he is not willing to do so. If Firsov does not either pay the filing fee or show that he is unable to do so, the Court would therefore recommend dismissal of only Firsov's claims on that basis, and consider Pomogaibo's application to proceed in forma pauperis separately to determine whether *she* should be excused from paying the filing fee and allowed to proceed separately.

Pomogaibo's application indicates that she and her son each have $2,500 in monthly income, with Pomogaibo's income consisting of medical benefits, government nutritional assistance, and unspecified "business income."[1] ECF No. 5 at 2–3. Although Pomogaibo's household therefore has income of $60,000 per year—significantly less than Firsov, but still a non-trivial income—she states that her expenses for rent, utilities, and food exceed that value, and that she has no cash and is carrying $20,000 in credit card debt. The Court would at least consider allowing Pomogaibo to proceed in forma pauperis under those circumstances.

The Court is concerned, however, that at least one of Pomogaibo's statements in her application may not be credible. Specifically, Pomogaibo states that she owns or is buying a home worth $50,000, with no mortgage. ECF No. 5 at 3. Based on the Court's general familiarity with the local housing market, *see* Fed. R. Evid. 201(b)(1), the Court is doubtful that homes (including apartments or condominiums) exist at that value in Mountain View, where Pomogaibo lives. The Court might be mistaken on that point, or there might be some other explanation of Pomogaibo's answer, but some explanation is necessary to assess the credibility of Pomogaibo's application. As a related issue, if Pomogaibo owns a home, it is not clear why she also pays $4,800 per month in rent.

---

[1] It is not clear if this figure includes the $500 per month that Firsov reports spending to support Pomogaibo.

1  Accordingly, if Firsov declines to pay the filing fee, Pomogaibo is ORDERED TO SHOW CAUSE why her application to proceed in forma pauperis should not be denied, by filing a response no later than September 5, 2025 explaining her previous statement that she owns or is buying a home worth $50,000 and how that is consistent with her reported rent payments. Pomogaibo may also include in her response any other information that she believes may be relevant to the Court's consideration of her application.

If Firsov and/or Pomogaibo pay the filing fee, the application to proceed in pauperis would be moot, and Pomogaibo would not need to file any response.

### D. Conclusion

Plaintiffs are ORDERED TO SHOW CAUSE why their IFP applications should not be denied. Firsov is ORDERED to file a response no later than August 29, 2025, or to withdraw his application and pay the filing fee by the same deadline. If Plaintiffs do not pay the filing fee, Pomogaibo is ORDERED to file a response no later than September 5, 2025.

Failure to respond to this Order or pay the filing fee may result in dismissal of this case for failure to prosecute, failure to comply with a court order, and failure to pay the filing fee.

The case management conference is CONTINUED as noted above.

**IT IS SO ORDERED.**

Dated: August 8, 2025

LISA J. CISNEROS
United States Magistrate Judge