UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AIR CANADA, INC.,<br><br>　　　　Defendant. | Case No. 25-cv-04058-LJC<br><br>**ORDER DENYING FIRSOV'S IFP APPLICATION AND GRANTING POMOGAIBO'S IFP APPLICATION**<br><br>**ORDER TO SHOW CAUSE WHY FIRSOV'S CLAIMS SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 4, 5, 10 |

Both Plaintiffs in this case are proceeding without counsel and have applied to proceed in forma pauperis (IFP). On August 8, 2025, the Court issued an Order to Show Cause why Plaintiffs' IFP applications should not be denied. That Order addressed Plaintiff Sergey Firsov, who reported gross income of $124,800 per year, as follows:

> Courts are allowed to take into account plaintiffs' choices in how they spend money when considering applications to proceed in forma pauperis. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (affirming imposition of a partial filing fee that an imprisoned plaintiff could have paid with the funds that he typically spent at the prison commissary). Firsov's reported gross income suggests that he could likely afford the costs of the filing fee and service of process for this case by adjusting his discretionary suspending, without foregoing "the necessities of life." *See Escobedo* [*v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)]. Many judges in this district have reached that conclusion in denying Firsov's IFP applications in other recent cases, including cases where Firsov provided more detailed financial records for review than he has here, with some judges noting Firsov's pattern of bringing cases based on his own frequent international travel. *E.g.*, *Firsov v. Alaska Airlines, Inc.* No. 25-cv-02841 NC, ECF No. 15 (N.D. Cal. Apr. 28, 2025) (denying reconsideration of denial of IFP); *L.F. ex rel. Firsov v. Church of Scientology of Silicon Valley*, No. 25-cv-03265-SVK, ECF No. 16 at 6–7, 2025 WL 1616721, at *4 (N.D. Cal. June 5, 2025) (identifying several other cases based on Firsov's air travel where his IFP applications were denied).

> In an abundance of caution, however, the Court will allow Firsov an opportunity to argue that a different outcome is warranted here. Firsov is ORDERED TO SHOW CAUSE why his application to proceed in forma pauperis should not be denied, by filing a response to this Order no later than August 29, 2025. Any such response *must identify Firsov's financial commitments that stem from legal obligations* (e.g., child support orders) as opposed to discretionary spending, and *must include documentary evidence of any such obligations*. In the alternative, Firsov may withdraw his application and pay the filing fee by the same deadline.

ECF No. 9 at 2–3 (emphasis added).

On August 11, 2025, Firsov filed a one-paragraph response stating that he funds his expenses largely through debt, that a state court has granted him a fee waiver in an eviction case, and that if his IFP application is denied, he "will blame federal court on a state trial in eviction case that they forced to pay Federal court instead to pay rent and living expenses." ECF No. 10-1 at 2 (sic). Firsov did not comply with this Court's previous Order to identify expenses that stem from legal obligations, such as child support, lease, or mortgage obligations, and to provide documentary evidence of such obligations, and there is no indication that he intends to do so. The Court therefore concludes that Firsov could afford to pay the filing fee and costs of service by adjusting his discretionary spending, and DENIES Firsov's IFP application (ECF No. 4). Firsov is ORDERED TO SHOW CAUSE why his claims should not be dismissed for failure to pay the filing fee. Firsov must either pay the filing fee or file a response to this Order arguing why dismissal is not appropriate no later than September 18, 2025.

The Court directed Plaintiff Kateryna Pomogaibo, who reported household income of around $60,000 but basic expenses exceeding that value, to explain her statements that she owned a home worth $50,000 and that she owes rent in the amount of $4,800 per month notwithstanding her homeownership. ECF No. 9 at 4. Pomogaibo states in her response that she owns a home in Ukraine, which she was forced to abandon due to the war there, and that she rents a three-bedroom apartment in Mountain View where she lives with her son, daughter, mother, and brother, and that another daughter will be joining them from Ukraine. ECF No. 10 at 1. Pomogaibo's monthly rent, though substantial, is reasonable in light of the local housing market and the number of family members living with her. Sufficient cause having been shown, Pomogaibo's IFP application (ECF No. 5) is GRANTED.

1　　When a district court grants a plaintiff IFP status, the court then screens the sufficiency of
2  the plaintiff's complaint to determine whether the action "(i) is frivolous or malicious; (ii) fails to
3  state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who
4  is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Here, though, the need for such
5  screening of Pomogaibo's claims may become moot if Firsov pays the filing fee.  *See Laine v.
6  Superior Ct.*, No. 18-cv-04390-JCS, 2018 WL 9669915, at *2 (N.D. Cal. July 20, 2018) ("[O]nly
7  one filing fee needs to be paid per case . . . ." (citation omitted)).  The Court will therefore wait to
8  conduct such screening unless and until Firsov fails to pay the filing fee by the September 18,
9  2025 deadline.

10　　As stated in the Order to Show Cause, "*all* plaintiffs in a given case [must] qualify to
11  proceed in forma pauperis before the filing fee will be waived," but "the Court recognizes that
12  Plaintiffs are divorced, and that Pomogaibo likely cannot compel Firsov to pay the filing fee for
13  their joint complaint if he is not willing to do so." ECF No. 9 at 3–4.  If Firsov does not pay the
14  filing fee by September 18, 2025, or show cause why some other course of action is warranted, the
15  undersigned will screen the sufficiency of Pomogaibo's claims as discussed above, and then
16  reassign the case to a district judge with a report and recommendation that Firsov's claims be
17  dismissed for failure to pay the filing fee.  In such a scenario, the district judge may adopt or
18  decline the undersigned's recommendation and may affirm or reverse the denial of IFP status for
19  Firsov.

20　　In addition to the September 18, 2025 deadline for Firsov to pay the filing fee, the
21  following deadlines shall also apply.  The fourteen-day deadline under Rule 72(a) of the Federal
22  Rules of Civil Procedure for Firsov to challenge this Order denying his IFP application is hereby
23  STAYED.  The stay will be lifted, and the fourteen-day deadline will begin to run if and when the
24  undersigned issues a report and recommendation for dismissal.  In the event that the undersigned
25  issues a report and recommendation for dismissal, Firsov will be entitled to serve and file specific
26  objections to the proposed findings and recommendation pursuant to Rule 72(b)(2) of the Federal
27  Rules of Civil Procedure.  To the extent that these objections challenge the undersigned's reasons
28

for denying his IFP application, such objections shall also constitute his challenge under Rule 72(a).

**IT IS SO ORDERED.**

Dated: August 18, 2025

LISA J. CISNEROS
United States Magistrate Judge

4